UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRIAN SCHIBLE, Individually and as Personal Representative of the Estate of ROXANN SCHIBLE, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.  1:12-CV-59 |
| UNITED STATES OF AMERICA, NORTH ADAMS COMMUNITY SCHOOL CORPORATION, and HAGGARD-SEFTON AND HIRSCHY FUNERAL HOME, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

Roxann Schible fell off the stage at Belmont High School while attending a public funeral service for a soldier killed in Afghanistan and subsequently died.  Her husband, Brian Schible, claims that someone's negligence caused Roxann's fall, and he is suing the United States of America (the United States Army may have been in charge of the funeral) under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) *et seq.*, and 28 U.S.C. § 2671 *et seq.*, as well as the school corporation and the funeral home under 28 U.S.C. § 1367.  Brian is suing for his individual loss and as the personal representative of Roxann's estate.

Brian now wants to add, however, both the Indiana National Guard ("ING") and the Ohio National Guard ("ONG") as defendants because elements or members of those military units may also have been involved and has filed a motion to amend his complaint to add them. (Docket # 29.)  The United States opposes this motion, arguing that the amendment would be

futile as the ING and ONG would be entitled to Eleventh Amendment immunity. (Docket # 35.) In reply, Schible contends that whether to assert Eleventh Amendment immunity is a decision belonging to the ING and ONG and that, once added to the case, they may waive this immunity by their litigation conduct. (Docket # 37.) For the following reasons, Plaintiff's Motion for Leave to File Amended Complaint (Docket # 29) will be DENIED.

The United States also contends that Brian cannot maintain his individual action against the Government because he failed to file an administrative claim with the U.S. Army in his individual capacity (*see* Docket # 30, 31), a point he does not contest (*see* Docket # 38). Accordingly, the United States seeks dismissal of Brian's individual claim against it. As this motion (Docket # 30) is unopposed, it will be GRANTED.

## II.  DISCUSSION

### *A.  Applicable Legal Standard*

A party may amend a pleading once as a matter of course within twenty-one days of serving it; or may amend twenty-one days after service of a required responsive pleading or a Rule 12(b), (e), or (f) motion, whichever is earlier. FED. R. CIV. P. 15(a)(1). Otherwise, a party may amend only by leave of court or by written consent of the adverse party. FED. R. CIV. P. 15(a)(2). Leave to amend is freely given when justice so requires. FED. R. CIV. P. 15(a)(2). The right to amend, however, is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Futility "is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Range v. Brubaker*, No. 3:07 CV 480, 2009

WL 3257627, at *3 (N.D. Ind. Sept. 30, 2009); *see also Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004).  In the interests of judicial economy, the district court should "scrutinize the amended complaint" and "determine its viability" to decide "whether filing it would be an exercise in futility." *Johnson*, 515 F.3d at 780 (internal citation omitted).

Moreover, "[w]hen a plaintiff seeks to amend [his] complaint to add new parties, Rule 20 of the Federal Rules of Civil Procedure is implicated." *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2011 WL 2445980, at *3 (S.D. Ind. June 15, 2011). Rule 20 provides that persons may be joined as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20.

### B.  Analysis

The Eleventh Amendment "provides states with immunity from suits in the federal courts unless the State consents to the suit or Congress has abrogated their immunity." *Tucker v. Williams*, __ F.3d __, 2012 WL 1994658, at *2 (7th Cir. June 5, 2012) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).  The United States Supreme Court has further held that state agencies, as arms of the state, are also immune from suit under the Eleventh Amendment. *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Joseph v. Bd. of Regents*, 432 F.3d 746, 748 (7th Cir. 2005)). Thus, "[i]f properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Ind. Prot. & Advocacy Servs. v.*

*Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (en banc) (citation omitted).

First, while "a court is not required to reach out and decide an Eleventh Amendment issue that has never been raised," *Floyd v. Thompson*, 227 F.3d 1029, 1035 (7th Cir. 2000) (citing *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998)), "it is free to consider an Eleventh Amendment defense on its own initiative if it chooses to do so," *id.* (citing *Higgins v. Mississippi*, 217 F.3d 951, 953-54 (7th Cir. 2000)); *accord Ind. Prot. & Advocacy Servs.*, 603 F.3d at 370. Here, the United States has raised the issue of Eleventh Amendment immunity on behalf of the ING and ONG. And although Schible argues that the United States has no standing to assert immunity for the ING and ONG, that alone does not preclude the Court's consideration of the issue. *See Ind. Prot. & Advocacy Servs.*, 603 F.3d at 370; *Floyd*, 227 F.3d at 1035.

Furthermore, claims against the state or its agencies have been held to be barred by the Eleventh Amendment even when the state or agency itself did not raise the immunity defense. *See Keene v. Schneider*, No. 2:07-cv-79, 2007 WL 2463270, at *2 (D. Vt. Aug. 28, 2007) (denying a motion to amend to add the State of Vermont as futile because the state had not waived sovereign immunity after the defendants, two Vermont State Police officers, raised the state's Eleventh Amendment immunity defense); *Hatchoat v. Lepper*, No. 1:04-CV-1908JDTTAB, 2006 WL 1042625, at *3 (S.D. Ind. Apr. 18, 2006) (dismissing any claims against the State of Indiana and the Indiana State Police as barred under the Eleventh Amendment even though the only defendant in the case was an individually named trooper); *Lembach v. Indiana*, 987 F. Supp. 1095, 1098 n.3 (N.D. Ind. 1997) (*sua sponte* dismissing claims against the State of Indiana on Eleventh Amendment immunity grounds). Therefore, whether raised by the Court or the United States, the issue is properly before the Court.

The United States contends that Eleventh Amendment immunity would apply to the ING and ONG because they are state agencies (*see* Docket # 35 at 2), a point Schible apparently concedes, or at least does not challenge (*see* Docket # 37).  Indeed, the Seventh Circuit Court of Appeals has so held.  *See Meadows v. Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988) (holding that the Eleventh Amendment barred a § 1983 action against all of the Defendants, including the ING); *see also Knutson v. Wis. Air Nat'l Guard*, 995 F.2d 765, 767 (7th Cir. 1993) ("In each state the National Guard is a state agency, under state authority and control.").

This proposition is consistent with how federal courts have treated the National Guard generally.  *See Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (holding that the New York State Army National Guard was a state agency entitled to Eleventh Amendment immunity); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1493 (10th Cir. 1983) (concluding that the Kansas Army National Guard was an arm of the state entitled to any immunity the state had); *Lockett v. New Orleans City*, 639 F. Supp. 2d 710, 723 (E.D. La. 2009) (finding that the Louisiana Air National Guard was an arm of the state entitled to Eleventh Amendment immunity); *Fauber v. Va. Army Nat'l Guard*, No. 5:08-cv-00068, 2009 WL 959636, at *3 (W.D. Va. Apr. 9, 2009) (holding that the Virginia National Guard was a part of a state agency and entitled to Eleventh Amendment protection); *Bryant v. Military Dep't of Miss.*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005) (concluding that the Mississippi Air National Guard was a state agency and, thus, that the Eleventh Amendment barred claims against it); *Bartley v. U.S. Dep't of Army*, 221 F. Supp. 2d 934, 950 (C.D. Ill. 2002) (finding that Eleventh Amendment immunity applied to the Illinois National Guard as it was an instrumentality of the state and noting that the parties agreed that it qualified as an arm of the state); *Roig v. Puerto Rico Nat'l*

*Guard*, 47 F. Supp. 2d 216, 220-21 (D.P.R. 1999) (stating that the Puerto Rico National Guard was an arm of the executive and finding the Eleventh Amendment applied); *see also Follis v. Minn. Attorney Gen.*, No. 08-1348 (JRT/RLE), 2010 WL 3399674, at *6 (D. Minn. Feb. 16, 2010) (collecting cases).

After *Meadows*, 854 F.2d at 1069, there seems to be no basis to treat the ONG differently than the ING for purposes of Eleventh Amendment immunity, and Schible does not offer a convincing basis to do so.  *See also Knutson*, 995 F.2d at 767 ("In each state the National Guard is a state agency, under state authority and control.").  Moreover, Ohio has not waived its sovereign immunity; "[i]nstead, [under Ohio Rev. Code § 2743.02,] the state limited the forums in which the plaintiffs could bring suit against it, directing such litigation to the Ohio Court of Claims."  *Portentoso v. Kern*, 532 F. Supp. 2d 920, 925 (N.D. Ohio 2008) (citations omitted).

Nonetheless, although the Eleventh Amendment applies to the ING and ONG, "[t]his robust immunity from suit [ ] is not absolute."  *Bd. of Regents v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011).  There are three principle exceptions to this bar, *see Ind. Prot. & Advocacy Servs.*, 603 F.3d at 371, but Schible relies on only one—namely, that a state may voluntarily waive its sovereign immunity by consenting to federal jurisdiction explicitly or by invoking that jurisdiction through its behavior, *Bd. of Regents*, 653 F.3d at 457.  Specifically, Schible argues that the ING and ONG could very well decide *not* to assert their Eleventh Amendment immunity and waive it through future litigation conduct.  (Docket # 37 at 1-3.)

But waiver by litigation conduct is a narrow and rare exception.  Indeed, the Seventh Circuit has stated that "[w]aivers by litigation conduct depend on whether the state has made a voluntary change in behavior that demonstrates it is no longer defending the lawsuit and is

instead taking advantage of the federal forum." *Id.* at 462. It has further noted that a waiver of immunity is effected by an "affirmative decision to place a dispute in the federal court's hands," such as when a state chooses to intervene in a federal case or voluntarily files a claim in federal court. *Id.* at 463-64. At the present time, such affirmative decisions by the ING and ONG are neither apparent, nor can they be anticipated.

Moreover, motions to amend a complaint seeking to add a state agency are commonly denied (well before there is any so-called litigation conduct) because they would be futile under the Eleventh Amendment. *See Longs v. Indiana*, No. 3:07-CV-83 RM, 2007 WL 2479325, at *2 (N.D. Ind. Aug. 29, 2007) (denying a motion to amend as futile because the proposed complaint contained claims against the State of Indiana and the Indiana State Police Department, whom the court just dismissed under 12(b)(6) on the basis of Eleventh Amendment immunity); *Falk v. Baber*, No. 1:05-CV-405-TLS-RBC, 2006 WL 752566, at *1-2 (N.D. Ind. Mar. 22, 2006) (denying motion to amend to add the Allen County Prosecutor's Office in its official capacity based on futility as the Office would be entitled to Eleventh Amendment immunity); *Spivey-Johnson v. O'Mahar*, No. 05-C-0081, 2006 WL 335441, at *2-3 (E.D. Wis. Feb. 13, 2006) (denying a motion to amend to add a state agency as futile because the agency was cloaked with the state's Eleventh Amendment immunity); *see also Moore v. Indiana*, 999 F.2d 1125, 1128-9, 1131 (7th Cir. 1993) (affirming the denial of a motion to amend due to futility where the Eleventh Amendment barred the damages claims against the original and putative defendants, which included the State of Indiana and the Indiana Department of Corrections).

Accordingly, because the ING and ONG, if added as defendants, would be entitled to Eleventh Amendment immunity, Schible's proposed amended complaint would not survive a

motion to dismiss under Rule 12(b)(6), making the amendment futile.  *See Johnson*, 515 F.3d at 780; *Crestview Vill. Apartments*, 383 F.3d at 558; *Range*, 2009 WL 3257627, at *3.  Schible's mere speculation that the ING and ONG *might* waive this immunity by future litigation conduct does not alter this analysis.

Finally, Schible suggests that more amendments may follow the addition of the ING and ONG as the individual guard members may be added next.  (*See* Docket # 37 at 3-4.)  Schible's theory is that if these guardsmen were preparing for and performing funeral honor guard duty, then adding them would trigger 32 U.S.C. § 115, making them federal employees under 28 U.S.C. § 2671 for purposes of the Federal Tort Claims Act.  (Docket # 37 at 3-4.)  The Court does not need to address this contention since, at this point, Schible has not asked to add any individual guard members.  But this argument does not raise his proposed amended complaint above the futility bar concerning either the ING or the ONG.

### III.  CONCLUSION

For the foregoing reasons, Schible's Motion for Leave to File Amended Complaint (Docket # 29) is DENIED, and Brian Schible's individual claim against the United States of America is DISMISSED.

SO ORDERED.

Entered this 25th day of June, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

8