UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN SCHIBLE, *Individually and as Personal Representative of the Estate of* ROXANNE SCHIBLE, *deceased*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:12-CV-59 ) |
| UNITED STATES OF AMERICA, NORTH ADAMS COMMUNITY SCHOOL CORPORATION, and HAGGARD AND SEFTON FUNERAL HOME, INC., | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Enlargement of Time (Docket # 70) and Defendant North Adams Community School Corporation's Motion for Extension of Time (Docket # 71), both of which seek an additional 28 days—until May 13, 2013—to respond to Defendant Haggard and Sefton Funeral Home, Inc.'s Motion for Summary Judgment (Docket # 68). The Funeral Home has filed an objection to Plaintiff's motion (Docket # 72) and verbally objected to North Adams's motion (*see* Docket # 71 at ¶ 7).

Under Federal Rule of Civil Procedure 6(b), "[a] motion filed before the deadline may be granted 'for good cause,'. . . ." *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (quoting FED. R. CIV. P. 6(b)(1)(A)). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the

1

time table could not reasonably have been met.  *Smith*, 1997 WL 662506, at *1.

Here, Plaintiff Brian Schible requests an extension of time on two grounds.  First, he asserts that the combination of the issues involved and voluminous deposition testimony necessitates extensive research and review to fully respond to the Funeral Home's summary judgment motion.  (Docket # 70 at 2.)  Additionally, Plaintiff also seeks an extension based on the fact that his counsel's paralegal has been on medical leave, increasing his counsel's workload and making it difficult for him to devote the time necessary to prepare a response.  (Docket # 70 at 2.)  Similarly, North Adams attempts to show good cause for its requested extension by pointing to its counsel's scheduled vacation from March 30, 2013, to April 8, 2013, and the extensive amount of evidence in the case.  (Docket # 71 at ¶¶ 3-4.)

The Funeral Home objects to Plaintiff's motion for extension—and presumably objects to North Adams's motion for the same reasons—arguing that an extension of time should be denied because its summary judgment motion presents only a question of law, making extensive factual review unnecessary, and due to the mediation scheduled on May 20, 2013.  (Docket # 72 at ¶¶ 2-3.)

As to the former reason, the Funeral Home's motion for summary judgment contends that it did not owe Plaintiff's decedent a duty of care because it was not in possession or control of the school auditorium where the accident occurred.  (Docket # 72 at ¶ 1.)  Although this is a question of law, the parties still must present facts supporting their interpretation of the law, necessitating a review of the factual record.  Therefore, a voluminous record would slow down this process, which, in this case, was hampered even more by the extended leave of Plaintiff's counsel's paralegal and the week-long vacation of North Adams's counsel.  Therefore, due to the

complexity of the issues, the breadth of the factual record, and the absences of their counsel or support staff, Plaintiff and North Adams have shown that, despite their diligence, they could not meet the current deadline to respond. *See Smith*, 1997 WL 662506, at *1.

The Funeral Home further objects that an extension would be prejudicial because, if Plaintiff's response is not filed until May 13, 2013, then there would not be enough time for the parties to evaluate the merits of the summary judgment motion before the May 20th mediation. (Docket # 72 at ¶ 3.) But even if Plaintiff's and North Adams's responses are not filed until May 13th, the parties would still have seven days before the mediation to analyze the motion and responses, giving them adequate time and opportunity to evaluate the merits of their respective positions.

Accordingly, Plaintiff and North Adams have shown good cause for their requested extensions, and their motions (Docket # 70, 71) are GRANTED. As such, Plaintiff Brian Schible and Defendant North Adams Community School Corporation are granted up to and including May 13, 2013, to respond to Defendant Haggard and Sefton Funeral Home's pending summary judgment motion.

SO ORDERED.

Entered this 28th day of March, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge